[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12194

Non-Argument Calendar

_____

BRIONA HUBBARD,

Plaintiff-Appellant,

*versus*

BEST IN TOWN INC.,
d.b.a. The Furnace,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00399-ACA

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Briona Hubbard appeals the sua sponte dismissal of her complaint against Best In Town, Inc. d/b/a The Furnace.  After careful consideration, we vacate and remand for additional proceedings.

I.

Hubbard twice sought employment at The Furnace, an exotic dance club in Birmingham, Alabama, in December 2020 and again in March 2021.  Twice she was told by The Furnace's "house mom" that the club "has too many Black girls."  Consequently, Hubbard filed a charge with the Equal Employment Opportunity Commission, which issued a right-to-sue letter on December 29, 2021.  She then sued The Furnace for failure to hire under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, alleging racial discrimination in violation of each statute.  Kira Fonteneau represents Hubbard in her suit.

The district court scheduled a telephone conference for June 12, 2023, and sent electronic notification of the order.  After counsel for both parties failed to dial in, the courtroom deputy spoke with someone at Fonteneau's office who indicated she would try to reach Fonteneau.  The court scheduled an in-person hearing for June 14, 2023, and again sent electronic notification of the order.  Neither party appeared for the hearing, and the courtroom deputy could not reach either party's counsel.  The next day, the court sua

sponte dismissed the action without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).

Five days later, Hubbard filed a motion to alter, amend, or vacate its judgment under Rule 59(e). The motion apologized for Fonteneau's oversight, explained that temporary support staff had failed to properly docket electronic notices from the court, and assured corrective measures were in place. It urged the court to vacate the judgment to ensure that Hubbard "is not harmed by the clerical errors on [Fonteneau's] part that caused [Fonteneau] not to appear as required by the Court." The district court denied her motion as improper under Rule 59(e) and inadequate under Rule 60(b)(1).

This appeal followed. Hubbard argues that the district court's dismissal must be construed as with prejudice and unwarranted as an extreme sanction.

## II.

The district courts may dismiss an action for failure to prosecute and obey court orders under two sources of authority. The Federal Rules provide, "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). The courts may also sua sponte dismiss a case under their inherent power to manage their dockets. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by

rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  Our decisions often "elide this neat distinction" between the two sources and allow the court to proceed sua sponte under either authority.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (collecting cases). We review dismissals for failure to prosecute and failure to obey court rules for abuse of discretion.  *See id.* at 1337; *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

The district court characterized its dismissal as without prejudice.  But when "a dismissal without prejudice has the effect of precluding a plaintiff from refiling [her] claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice."  *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018).  There are two statutes of limitations at play here.  For § 1981 failure to hire claims, we apply Alabama's two-year statute of limitations for personal injury claims.  *See Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1219 (11th Cir. 2001).[1]  For Title VII actions, a plaintiff must file suit within 90 days after receipt

---

[1] Section 1981 does not have its own statute of limitations.  The applicable statute of limitations depends upon the action.  Any § 1981 claim made possible by the Civil Rights Act of 1991 amendments is governed by 28 U.S.C. § 1658's four-year statute of limitations.  *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).  Any § 1981 claim available prior to the 1991 amendments is subject to the analogous state statute of limitations for personal injury actions.  Failure to hire claims were cognizable under § 1981 prior to the 1991 amendments.  *See Patterson v. McLean Credit Union*, 491 U.S. 164, 182 (1989), *superseded by* 42 U.S.C. § 1981(b) (1991).

of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Here, the district court dismissed Hubbard's case in June 2023, more than two years after the alleged discrimination and nearly a year and a half past the issuance of her right-to-sue letter. Because the statutes of limitations for both § 1981 and Title VII bar Hubbard from refiling her failure to hire claims against The Furnace, we treat the district court's dismissal as with prejudice.

"A dismissal with prejudice is a sanction of last resort, and it is only proper if the district court finds both (1) a clear record of delay or willful conduct, and (2) a finding that lesser sanctions are inadequate." *Mickles*, 887 F.3d at 1280. Although we may find "implicit in an order the conclusion that lesser sanctions would not suffice . . . we have never suggested that the district court need not make that finding, which is essential before a party can be penalized for [her] attorney's conduct." *Mingo v. Sugar Cane Growers Co-Op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (internal citations and quotations omitted).

The record before us does not warrant the "draconian remedy of a dismissal with prejudice." *Betty K Agencies, Ltd.*, 432 F.3d at 1339. The oversights, although imperfect, fall short of supporting a clear pattern of delay and willful misconduct. Further, the record provides neither explicit nor implicit findings that lesser sanctions are inadequate. Both the district court's initial dismissal and denial of motion for relief fail to demonstrate any recognition of the statutory bars that effectively dismissed this action with prejudice. Rather, the orders focus upon counsel's failings and aspects

of judicial administration, and explicitly dismissed the action as without prejudice.  We understand the district court's concerns, and do not foreclose the potential availability of other lesser sanctions.  Under the circumstances of this case, however, such a sanction of last resort is unwarranted.  We therefore **VACATE** and **REMAND** the district court's dismissal order for further proceedings.

**VACATED AND REMANDED.**